| | |
|---|---|
| CARL T. HALEY JR, | ) ENTERED_____ |
| Plaintiff, | ) |
| v. | ) Case No. 44043 |
| | ) JURY DEMAND |
| FIREMAN'S FUND INSURANCE COMPANY, | ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

Plaintiff Carl T. Haley, Jr. ("Haley") for his Complaint against Fireman's Fund Insurance Company ("Fireman's") for a declaratory judgment and monetary damages alleges the following:

### THE PARTIES

1. Plaintiff Haley is an individual who lives at 5205 Still House Hollow Road, Franklin, Tennessee 37064.

2. Defendant Fireman's is a California-incorporated insurance company. Fireman's issues automobile liability insurance policies.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to Tennessee Code Annotated § 16-11-102(a).

4. Venue is proper in Williamson County pursuant to Tennessee Code Annotated § 20-4-101.

## FACTS

5. Haley purchased a personal automobile liability insurance policy from Fireman's for the period August 18, 2013 through August 18, 2014, policy number VZA 12771416 A (the "Policy"). A copy of the Policy is attached as <u>Exhibit A</u>. Haley also maintained an excess or umbrella policy with Fireman's with the same policy number and for the same effective period.

6. The Policy is a standard personal automobile insurance policy commonly known as the PP 00 01 form.

7. The PP 00 01 form is a standard-form policy issued by the Insurance Services Office, Inc. ("ISO").

8. Haley owns a large tract of land that includes several buildings with different addresses. He resides and sleeps in the main building located at 5205 Still House Hollow Road, Franklin, Tennessee 37064 ("5205 Still House"). His step-daughter, Morgan Taylor ("Taylor") has from time to time resided on this tract of land in a separate building with a separate walls, roof, mailbox, and address—5207 Still House Hollow Road, Franklin, Tennessee 37064 ("5207 Still House"). Taylor pays rent to Haley to live in 5207 Still House. Taylor has not resided at 5205 Still House since 2008.

9. On November 12, 2013, Vincent Harrigan ("Harrigan") filed a complaint in Williamson County Circuit Court, case number, 2013-561 ("Initial Complaint"). A copy of the Initial Complaint is attached as <u>Exhibit B</u>.

10. In the Initial Complaint, Harrigan alleges that on October 20, 2013, he was driving a motorcycle eastbound on Still House Hollow, and Taylor was driving a Toyota Prius westbound on Still House Hollow Road. Harrigan alleges that Taylor was left-of-center and collided with Harrigan's motorcycle (the "Underlying Lawsuit").

2

11. According to the Initial Complaint, Harrigan lost his left leg as a result of the accident.

12. On May 5, 2014, Harrigan filed his Amended Complaint adding Haley as a party to the Underlying Lawsuit ("First Amended Complaint"). A copy of the First Amended Complaint is attached as Exhibit C. Harrigan asserts causes of action against Haley for i) negligent entrustment and ii) liability through the family-purpose doctrine.

13. Shortly after receiving the First Amended Complaint, Haley timely notified Fireman's of the Underlying Lawsuit.

14. The Policy covers claims for "bodily injury or property damage for which any insured becomes legally responsible because of an accident." (Policy at 2 of 13).

15. The Policy also covers the cost of defending against claims for bodily injury or property damage, unless all of the claims in a complaint are excluded by the Policy.

16. Fireman's issued a denial letter on May 29, 2014 denying that it owed Haley either a duty of defense or a duty of indemnity ("First Denial"). A copy of the First Denial is attached as Exhibit D.

17. Fireman's did not issue a reservation of rights letter prior to issuing its denial letter.

18. Fireman's First Denial stated that it was refusing to defend or indemnify because the car involved in the accident "is unquestionably owned by either Carl Haley or Morgan Taylor, who is a 'family member' under the Policy." (First Denial at 4).

19. Under the Policy, "Family member means a person related to you by blood, marriage or adoption **who is a resident of your household**. This includes a ward or foster child." (Policy at 1 of 13) (emphasis added).

20. Taylor is not a family member under the Policy and was not a resident of Haley's household.

21. Bandy Van Cleave & Williamson, LLC ("Bandy") assisted Haley in procuring insurance coverage and served as an agent for Fireman's.

22. Fireman's agent knew that Taylor was not a resident of Haley's household and that she resided at 5207 Still House at the time of the Underlying Lawsuit.

23. Bandy had represented to Fireman's as early as May 6, 2011, that Taylor was not a member of Haley's household.

24. Fireman's First Denial requested additional information from Haley about why it should provide coverage. "If you have any additional information you would like us to consider or if you have information that would affect our coverage determination in this matter, we invite you to forward it to us. We will consider such additional information as part of our coverage evaluation." (First Denial at 5).

25. In response to the First Denial and Fireman's request that Haley provide it more information, Haley clarified that Taylor was not a resident of Haley's household. A copy of this letter to Fireman's dated June 10, 2014 is attached as <u>Exhibit E</u>. Haley explained that Taylor does not live at 5205 Still House, but 5207 Still House. Haley explained further that "Ms. Taylor pays rent and lives at her own separate home that has its own separate physical structure including roof, walls, and entrances, with its own bedrooms, living room, dining room, kitchen, address, and mailbox." (June 10 Letter at 2).

26. Fireman's issued a second denial on July 9, 2014 ("Second Denial"). The Second Denial reiterated the terms of the First Denial and did not consider any additional information sent by Haley. A copy of the Second Denial is attached as <u>Exhibit F</u>.

4

4852-6623-5169.1

Case 3:15-cv-00529 Document 1-1 Filed 05/06/15 Page 4 of 7 PageID #: 8

27. On July 23, 2014, Haley responded to Fireman's Second Denial and again reiterated that the loss was covered by the Policy and again requested that Fireman's accept coverage and defend the claim. A copy of this July 23, 2014 letter is attached as Exhibit G.

28. Fireman's issued a third denial on August 22, 2014 in response to Haley's July 23, 2014 letter ("Third Denial"). A copy of the Third Denial is attached as Exhibit H. The Third Denial reaffirmed Fireman's position from the First Denial and Second Denial. For the sole purpose of trying to avoid coverage, the Third Denial also looked to matters outside the First Amended Complaint and alleged that "Taylor was served at the family home at 5205 Stillhouse Hollow Road, Franklin, Tennessee," while ignoring the information provided by their insured—Haley. (Third Denial at 1).

29. At its own expense, Haley hired outside counsel to defend him in the lawsuit filed by Harrigan, and is actively defending against the allegations in the Underlying Lawsuit.

30. On December 15, 2014, Harrigan filed a Second Amended Complaint. A copy of the Second Amended Complaint is attached as Exhibit I. The Second Amended Complaint asserts causes of action against Haley for i) negligence, ii) negligent entrustment, and iii) liability based on the family purpose doctrine.

31. Haley continues to defend against the allegations in the Underlying Lawsuit at his own expense.

## COUNT I
## BREACH OF CONTRACT

32. The Policy constitutes a valid and binding contract between the parties.

33. Fireman's has a duty to abide by the terms of its contract.

34. Fireman's has materially breached its obligations under the Policy by refusing to defend Haley from the Underlying Lawsuit and the claims asserted therein.

5

4852-6623-5169.1

Case 3:15-cv-00529   Document 1-1   Filed 05/06/15   Page 5 of 7 PageID #: 9

35. As a result of Fireman's breaching its Policy, Haley has been damaged in an amount that is continually increasing and will be proven at trial.

## COUNT II
## DECLARATORY JUDGMENT

36. A dispute exists between Haley and Fireman's concerning their respective rights and obligations under the Policy, including whether the Underlying Lawsuit obligated Fireman's to defend Haley in that action, and whether coverage exists for any liability that may be adjudged against Haley under the Underlying Lawsuit.

37. This dispute is ripe for adjudication and is therefore justiciable by this Court.

38. Haley is entitled to a declaration from this Court that Fireman's owed a duty to Haley to defend it from and against the Underlying Lawsuit.

## COUNT III
## BAD FAITH

39. Haley made demand upon Fireman's for performance of its obligations under the Policy.

40. Despite its demand, Fireman's has failed to timely meet its obligations under the Policy.

41. Fireman's refusal to meet its obligations under the Policy constitutes bad faith under Tennessee Code Annotated § 56-7-105 *et seq.*

42. Due to Fireman's bad faith refusal to meet its obligations under the Policy, Haley has been damaged in an amount to be proven at trial, including punitive damages in an amount to be proven at trial.

43. Haley is entitled to the relief afforded by Tennessee Code Annotated § 56-7-105 *et seq.* including: 1) the assessment of a penalty in the amount of 25% of the amounts for which

6

Haley is entitled to indemnity; 2) reimbursement for its costs of defending the Underlying Lawsuit; and 3) indemnity from and against any liability adjudged against Haley.

**WHEREFORE**, Haley prays for the following relief:

A. A trial by jury of 12 persons on all issues so triable;

B. Compensatory and consequential damages in an amount to be proven at trial;

C. Reasonable attorneys' fees and all costs of litigation incurred in its efforts to obtain and enforce coverage under the Policy;

D. A declaration that Fireman's owes Haley a defense and indemnification for the Underlying Lawsuit;

E. Punitive damages and/or statutory penalty in an amount sufficient to punish Fireman's for its conduct;

F. Pre-judgment and post-judgment interest; and

G. All other and further relief as may be deemed just and proper.

*/s/ Paul S. Davidson*
Paul S. Davidson (Tenn. BPR No. 011789)
Mark M. Bell (Tenn. BPR No. 029048)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Phone: (615) 244-6380
Fax: (615) 244-6804
paul.davidson@wallerlaw.com
mark.bell@wallerlaw.com

*Attorneys for Plaintiff*

7

4852-6623-5169.1

Case 3:15-cv-00529   Document 1-1   Filed 05/06/15   Page 7 of 7 PageID #: 11